Court, Counsel. Your Honor, Noel Greffenson appearing on behalf of Victor Maszczak, the defendant in this case. Your Honor, Mr. James Rice prepared the briefs in this matter, and then I was substituted in subsequent to that. The first assignment of error in this matter is a sentencing error. I'm familiar with this court's recent decision in Ameline, and that decision calls for a limited remand in circumstances such as exist in this case now. It may call for a flat-out remand. Excuse me? I said it may call for a flat-out remand. My reading, Your Honor, was that the first step in the inquiry is to do a plain error analysis. In this case, I would agree with an all-out remand if the court were to be so inclined. Well, I mean, the error, I mean, I think there's a pretty good argument. The error here was preserved in that it was made in Rule 35 motion timely, and this report just didn't get around to ruling in a timely way. That's correct. If that's true, then there would be a full remand. But at least I think everybody here would agree at least it's got to be a limited remand. Your Honor, we are seeking a remand for purposes of resentencing. There's no doubt clearly that Mr. Matjack's constitutional rights were violated in this sentencing. Counsel, I have a doubt. The way I read Booker, the first opinion by Justice Stevens says if the guidelines are mandatory, they're unconstitutional because they don't give a person a right to a jury finding beyond a reasonable doubt that the aggravators are present. And then the second majority opinion by Justice Breyer says, but they're not mandatory. So at the end of the two opinions, what I get is if they were, there'd be a constitutional violation. But they're not, so there isn't. And the reason they're not is that they're really just guidelines, and the judge has some discretion. So at the end of the two opinions, what we should do is give it back to the judge and say, now that you have discretion and it's not mandatory, if you want to change your sentence, you can. Is there any more to it than that? Not from my reading, Your Honor. I think that's In that sense, I know that the government had cross-appealed before this came up, and at that point in time, the government was seeking remand, arguing that the departure sentence, the downward departure sentence of three levels was in violation of the guidelines. I think we're in agreement that we want the case to go back down to Judge Brown so that she can make a determination. On the transfer of the trial, that comes up all the time in my jurisdiction. I understand it can be a very serious issue in terms of fairness in some cases. In this case, I don't remember Mascak putting in any evidence that he's got a bunch of important fact witnesses in Pendleton, but they can't make it to Portland or anything like that. The argument was raised in the brief, and I don't believe it was developed in the record below. I know that evidence was put in in a motion for reconsideration of the transfer, that the courtroom was available, but the court made its decision based on security concerns and other matters such as that. See, my concern is, if it doesn't matter to putting the witnesses on much, the security concerns look really significant there. It's just not a secure courtroom, and it looks like kind of a potentially dicey case. It was, and unfortunately we're hampered by the failure to develop the record below on that issue. The other issue is the Second Amendment issue. On that, you know you've got at least one very sympathetic judge on your three-judge panel. I've never talked to my colleagues about it, but it says keep them bare. It doesn't say sell. And unfortunately, we're bound by this court's precedent in that regard as well. And from my reading... Right. So those are the problems that I've seen in this case from the beginning. We're most interested in getting the case back down before Judge Brown, because clearly, if she were not going to do that, the sentence that she imposed was actually 100 percent greater than the sentence which the defense sought. I know the government was arguing and complaining that it was 30 percent less, but we sought to be... Let me ask you something on that. Under the guideline regime, obviously you don't, you would support her downward departure. I have a good deal of difficulty seeing how that is supportable, given that age, criminal history, aberrant behavior, all of these things are fully considered and taken account of in the guidelines themselves. So how would you justify that departure? Under a mandatory guideline regime. How would I justify the departure that was in fact granted to the defense? Exactly as the court described it below, that it wasn't on the basis of age, it was on the basis of crime-free existence, and that the case fell outside of the heartland. Well, no, but aberrant behavior is something that's taken account of, and obviously this wasn't that. It was kind of a spree. So if it's not aberrant behavior, what is it?  Okay. And an incredible community support, and the court's recognition... It does, and this particular judge has lots of experience, and I'm sure that based on her evaluation of the case... So do these judges. I understand that as well, Your Honor. I think at least in the cases that I have been involved in, I have been ruling on the guidelines issues, on the assumption that that advances the ballgame. So if the district judge were to know that at least under a mandatory regime, that guideline departure was or wasn't appropriate, so I'm asking for your input. It might be helpful. Anyway, I hear you. You say it's just crime-free isn't in the guidelines. Correct. Does the court have any questions regarding the other summits of error? No. Please, the court, counsel, Fred Winehouse, Assistant U.S. Attorney, District of Oregon. I was a trial attorney on this case. I want to start off on the remand. On this particular case, we don't believe a remand is necessary because the court did not follow the guidelines. She announced the sentence before the guideline analysis and indicated that the defendant would receive a sentence of two years, basically without reference to the guidelines. And a remand is required. That's not going to go so far. I mean, you say what you have decided, then you explain how you got there. I have no trouble seeing how she got there. I just don't know whether it's correct or not. To me, that's a statement that the guidelines don't matter. They are advisory to the court at that time, and she picked a spot where she wanted the defendant to be 24 months. That seems like a long shot since as far as the cases were concerned, they were mandatory at that time. Yes, and the point is we believe the method used to achieve the 24-month sentence was an illegal departure, as you were indicating, because age, crime pre-existence are not to be taken into account. They are taken into account under the criminal history and other factors in the guidelines. So in this particular case, we don't believe a limited remand is even necessary. I guess I agree with you. I think it's got to be just a plain remand. But you want it reversed. I'm having trouble understanding your position. The cross appeal has lost its luster at this point because the guidelines are advisory now. So you just want to drop your cross appeal, keep the sentence, no remand, no nothing, leave it alone. Exactly. 24 months. He received a sentence that's basically an advisory sentence under the guidelines through the use of what we believe to be an illegal departure. And be that as it may, I don't believe there needs to be any type of remand. I think it's clear from the record, what I just read, that the district court will impose the same sentence. I would think so. And on the other issues, they were basically discretionary, the refusal to move the trial to Pendleton, the refusal to dismiss for the alleged perjury in the grand jury, other factors like that. I don't have anything to add. I guess since your cross appeal is still right there on the books and in the briefs, you may get the sentence vacated and have the case remanded for a full resentencing if you win. If you haven't filed any notice of dismissal of your cross appeal. If I can, I plan on making it orally. I don't know what that has to do with the price of eggs, because the defendant has challenged the sentence on Booker grounds with respect to the upward, I mean to the calculation based upon the number of guns, and it's going to have to go back one way or another, isn't it? Well, no, because it's not a mandatory beyond a reasonable doubt system. The number of guns and the obstruction that led to the 33 month, 33 to 41 month is under the old system, which doesn't exist now. I understand, which is exactly why it has to go back. Well, I respectfully disagree based on the judge's comments that she wanted to achieve a sentence of 24 months and got there. See, my problem is that we're bound by Ameline and its construct, good, bad, or indifferent. My reading of Ameline 3 is there should be only a remand if it cannot be determined that the district court would have imposed a different sentence if the guidelines had been advisory at that time. My point is, at this sentence, the guidelines were basically the same. Your point is that she basically, Thunder, knows the guidelines to begin with. Well, I don't want to use that strong language. I know, I can. You can't. Yes, the district court concluded 24 months would be the perfect sentence for the defendant, and she arrived at that sentence. All right. Thank you. Very briefly, since Ameline came down, I ran a search on that case and came up with over 100 separate opinions as of June, and not a single one of those opinions resulted in a finding by this court that the sentence should not be remanded. And so I don't know if there are any opinions of that sort, but I do not believe that we can assume from the record, as it stands before this court now, that Judge Brown would have imposed the same sentence had she known that the guidelines were not mandatory. And she went up eight levels. Thank you.
judges: Rymer, Kleinfeld, Weiner